## Trent v. Lancaster General Hospital

*Joseph A. McIntyre,* for plaintiff.
*Christopher W. Mattson,* for defendant.

ECKMAN, *P.J.,* July 1, 1986 — Presently before the court is the motion to compel answers to interrogatories and requests for production of documents filed by plaintiff, Preston W. Trent.

Plaintiff instituted this personal injury action against defendant, the Lancaster General Hospital, by filing a complaint on July 3, 1985. Preliminary objections to the complaint were sustained by opinion and order of this court dated September 9, 1985. Plaintiff filed an amended complaint on September 30, 1985, to which defendant filed an answer and new matter on June 2, 1986. The instant motion was filed on August 27, 1985. Briefs having been filed by the parties, the matter is ready for disposition.

A review of the amended complaint reveals that count I alleges the negligence of defendant in rendering care and treatment to plaintiff resulting in a post-operative infection and consequent loss of

plaintiff's left eye. Count II alleges that defendant failed to disclose to plaintiff the facts upon which plaintiff could have based an informed consent to the proposed treatment.

The instant motion seeks to compel answers to plaintiff's interrogatories and the production of documents identified in plaintiff's request for production of documents. Plaintiff however, in his brief, has limited the information which he seeks to discover to information concerning infection control policies and procedures and the rate of occurrence of staphylococcus aureus infections in other patients at defendant hospital during the year of plaintiff's three hospitalizations. We therefore limit our inquiry and discussion to those interrogatories and requests for production of documents which seek to elicit that information.

Defendant objects to such discovery on the basis of the provisions of the Peer Review Protection Act.[1] Specifically, defendant relies on section 425.4 of the act, supra, which states:

"*§425.4 Confidentiality of review organization's records*

"*The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider* arising out of *the matters which are the subject of evaluation and review by such committee* and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings,

---

1. Peer Review. Protection Act, act of July 20, 1974, P.L. 564, §1; 63 Pa.C.S. §425.1 et seq., Supplement.

recommendations, evaluations, opinions or other acts of such committee or any members thereof. *Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee,* nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings." (emphasis added).

Defendant argues that section 425.4 of the act, supra, protects from discovery all matters, including all records, which are subject to review by a peer review committee and therefore precludes plaintiff's discovery of the information he seeks. We disagree.

In *Bolton v. Holy Spirit Hospital,* 105 Dauph. 40 (1984), the court held that the "arising out of" language of section 425.4 limits the privilege to those peer review matters which also gave rise to the civil action. "This simply means that discovery is prohibited with regard to any review committee proceedings concerning plaintiff's specific case." *Veith v. Lancaster General Hospital et al.,* 69 Lanc. L.R. 549, 554 (1985).

Instantly, plaintiff's requests for information regarding infection control policies and procedures and the rate of occurrence of staph infection in other patients at defendant hospital during the time of plaintiff's admissions in no way concerns plaintiff's specific case. Therefore, its discovery is not prohibited by section 425.4 of the act, supra; *Bolton v.Holy*

*Spirit Hospital,* supra; *Veith v. Lancaster General Hospital et al.,* supra.[2]

Furthermore, as the emphasized part of section 425.4 of the act, supra, expressly states and permits the discovery of information otherwise available from original sources, so too, the number and rate of staph infections in other patients at defendant hospital are available from the original sources of such information including patient medical records.[3] Even assuming, arguendo, that the information sought by plaintiff is otherwise protected by section 425.4, we find that it falls squarely within the stated exception to the general rule and is therefore subject to discovery.

Finally, discovery of relevant information is permitted by Pennsylvania Rule of Civil Procedure 4003.1, which states, inter alia:

". . . a party may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action. . . ." (emphasis added).

Since count II of the amended complaint alleges a cause of action based on lack of informed consent to the proposed treatment, we find that the information sought by plaintiff is relevant to the subject matter involved in the pending action. Hence, it is discoverable.

Our review of plaintiff's interrogatories and plaintiff's request for production of documents reveals

2. We are not persuaded by defendant's argument that the decisional authority underlying *Bolton v. Holy Spirit Hospital,* supra, and *Veith v. Lancaster General Hospital et al.,* supra, does not exist.

3. Parenthetically, we note that plaintiff does not request the names of individual patients, but rather requests the number of infections for certain periods of time.

that the following interrogatories will supply plaintiff with the information to which he argues that he is entitled.

"(2)(d) Identify all documents regarding the rate of staphylococcus aureus infections for patients admitted to Lancaster General Hospital during the 1984 calendar year.

"(3) State the number of patients admitted to Lancaster General Hospital which developed staphylococcus aureus infection during each month of 1984:

"(4) Identify all written policies and procedures relating to prevention, surveillance, identification, control and documentation of infections among patients which were in effect during the 1984 calendar year."

Accordingly, we enter the following

## ORDER

And now, July 1, 1986, the motion to compel answers to interrogatories and requests for production of documents filed by plaintiff, Preston W. Trent, is hereby sustained as to interrogatories nos. (2)(d), (3) and (4). Defendant, Lancaster General Hospital, is directed to supply answers thereto within 60 days from the date of this order.